# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| PEDRO GUZMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 5:14-06086-CV-RK |
| | ) |
| LARRY DENNEY, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Petitioner Pedro Guzman's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) As discussed below, this case is here on remand following the Eighth Circuit's opinion vacating this Court's earlier judgment denying Guzman's petition. Upon consideration of the full record, including evidence presented at the January 5, 2018 evidentiary hearing, the parties' post-hearing briefs (docs. 61, 62), and underlying state court record, Guzman's petition is **DENIED**. The Court also **DENIES** a certificate of appealability.

### I. Facts and Proceedings

In May 2008, in Platte County, Missouri, Guzman punched the grandmother of an acquaintance in the face, breaking her jaw and chipping several teeth. In June 2008, the State of Missouri originally charged Guzman with second-degree assault, which is a Class C felony. At the preliminary hearing on October 9, 2008, the State offered Guzman a plea agreement in which Guzman could plead guilty to second-degree assault and in exchange, the prosecutor would recommend that he serve five years in prison. Guzman rejected the plea offer. In response, on that same day, the State announced its intention to amend the charge against Guzman to first-degree assault, which is a Class A felony. Thereafter, the State amended the charge and on November 19, 2008, the court held a preliminary hearing on the upgraded charge. On March 8, 2010, the morning of trial, Guzman pled guilty to first-degree assault. The court accepted Guzman's plea of guilty and later sentenced him to imprisonment for a total of twenty-five years.

Guzman filed a *pro se* post-conviction motion under Missouri Supreme Court Rule 24.035 ("Rule 24.035"), which was later amended by counsel. In his amended Rule 24.035 motion, Guzman asserted, among other things, that plea counsel was ineffective for incorrectly

advising him regarding the State's five-year plea offer on the lesser charge. Following an evidentiary hearing, the court denied the Rule 24.035 motion, concluding that Guzman failed to prove his claims of ineffective assistance of counsel by a preponderance of the evidence.

Guzman filed a direct appeal of the denial of his Rule 24.035 motion. In his sole point on appeal, Guzman contended that his plea was not voluntarily and knowingly made because plea counsel failed to adequately and properly advise him concerning the State's five-year plea offer. Specifically, Guzman asserted that plea counsel did not fully explain the terms of the plea offer, the consequences of the plea offer, or the consequences of rejecting the plea offer. The Missouri Court of Appeals found that the claim asserted on appeal was not the same claim Guzman asserted in his amended Rule 24.035 motion. The court of appeals found that the only portion of Guzman's claim regarding plea counsel's ineffective handling of the plea offer properly preserved for its review was Guzman's allegation that his plea counsel erroneously advised him he would have to serve eighty-five percent of the proposed five-year sentence for second degree-assault. The court of appeals ultimately affirmed the denial of Guzman's Rule 24.035 motion. In that decision, the court of appeals addressed the merits of the preserved portion of Guzman's claim, but denied to address the remaining portion. The Missouri Supreme Court denied Guzman's application for transfer. This federal habeas action followed.

In his federal habeas petition, Guzman challenges his Missouri conviction of first-degree assault based on *Lafler v. Cooper*, 566 U.S. 156 (2012). *Lafler* extended the right to effective assistance of counsel to the plea-bargaining process and held that where that right is denied, prejudice arises if loss of a plea opportunity resulted in a conviction on more serious charges or the imposition of a more severe sentence. 566 U.S. at 168. Guzman argues that one of the primary reasons he did not accept the five-year plea offer was plea counsel's erroneous advice that the State would be unable to prove the serious physical injury element of the second-degree assault charge. The State opposes the petition, arguing that federal habeas review of Guzman's claim is barred because Guzman procedurally defaulted his claim by omitting it from his Rule 24.035 motion and because Guzman cannot show cause and prejudice to excuse the default. The State also argues that if the Court were to reach the merits of Guzman's claim, Guzman fails to demonstrate that his trial counsel's performance was constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668 (1984).

This Court previously denied the federal habeas petition, finding that Guzman had procedurally defaulted his claim because his post-conviction counsel omitted it from his Rule 24.035 motion. Guzman appealed the Court's order. The Eighth Circuit then concluded "that the default is excused, because post-conviction counsel erroneously omitted a claim with 'some merit'[]" under *Martinez v. Ryan*, 566 U.S. 1 (2012).[1] After so finding, the Eighth Circuit vacated this Court's judgment and remanded the case for further proceedings "to determine whether Guzman can show he was prejudiced by [plea] counsel's erroneous advice[.]" The Eighth Circuit has therefore directed this Court to consider the merits of Guzman's *Lafler* claim, asserted for the first time in his federal habeas petition. *See Martinez*, 566 U.S. at 17 ("A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted.").

Accordingly, the Court held an evidentiary hearing on January 5, 2018. At the hearing, the Court took judicial notice of the state court record, and heard evidence on Guzman's habeas petition, including testimony from Guzman and Guzman's plea counsel Daniel Zarate.

### A. Testimony of Guzman

Guzman testified that he rejected the five-year plea offer because Zarate advised him that the State wouldn't be able to prove the element of serious physical injury and that he could get him a better deal than five years. Guzman stated that he rejected the plea offer primarily because Zarate told him to reject it based on this advice.

As to the victim's injuries, Guzman testified that Zarate told him the victim's jaw was only bruised, not broken, and that at the time he rejected the plea offer (October 9, 2008), Guzman did not know the victim had suffered a broken jaw. Guzman initially testified that he first learned the victim suffered a broken jaw once the State upgraded his charge (November 19, 2008). Then later in the evidentiary hearing, he testified that he first learned the victim's jaw was broken through communications with his post-conviction counsel. The later testimony was given to explain why his pro se motion omitted the mistaken "serious physical injury" advice as the reason for rejecting the five-year plea offer. This testimony conflicts with the record. At the plea hearing (March 8, 2010), the prosecutor stated that if the case were to go to trial, the State's evidence would include that the victim suffered a broken jaw, and three

---

[1] *Martinez* held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default in a federal habeas proceeding of a claim of ineffective assistance at trial. 566 U.S. at 9.

3

chipped teeth. (Doc. 8-1, Guilty Plea Transcript ("GP Tr.") at 7:3-8:7.) The plea court then specifically questioned Guzman whether he understood that the victim "got a broken jaw," to which Guzman responded, "yes." (*Id.* at 10:4-9.)

The Court does not find Guzman's testimony credible that the "serious physical injury" advice was the primary reason for his rejection of the plea offer. During cross examination, Guzman admitted that at the time of the plea offer (October 9, 2008), he believed his actions were in self-defense. He admitted that for one punch, he did not think it was fair to be charged with a Class C felony, that Jackson County would not have charged him with a Class C felony, and that he would have gotten a better offer if the case were charged in Jackson County. While Guzman did testify at the Rule 24.035 motion hearing that Zarate told him he did not think the victim had a serious physical injury, (doc. 8-3, Post-Conviction Hearing Transcript ("PCR Tr.") at 142:5-11), it is not clear if Guzman considered it in rejecting the plea offer.

### B. Testimony of Zarate

At the evidentiary hearing, Zarate could not recall specific dates or the exact chronology of the proceedings in Guzman's criminal case. He testified that he does not have his case file for Guzman's criminal case. Nor did he have his case file at the time of the Rule 24.035 motion hearing. His testimony then, and his testimony at the January 5 hearing, was from memory.

Zarate testified that the five-year plea offer in this case stands out to him because when he relayed the offer to Guzman, Guzman became upset. Zarate testified that Guzman said Zarate was trying to "sell him down the river," that Zarate was "in cahoots" with the prosecutor, that Guzman was adamant he would not take the offer, and that Guzman wanted a preliminary hearing. According to Zarate, Guzman said that his friends have done worse things in Jackson County and were not even charged with a Class C felony. Zarate stated that Guzman told him he would not take the plea offer because he did not believe the victim would cooperate with the State. Zarate stated that he never told Guzman not to take the plea offer. Zarate was also adamant that he never told Guzman the State would have problems proving serious physical injury.

Nothing in the record establishes that Zarate knew the victim's jaw was broken at the time the offer was rejected by Guzman on October 9, 2008, or before the March 8, 2010 guilty plea. It is not clear from the record when Zarate had the victim's medical records or what the records said about the extent of the victim's injury. Zarate could not independently recall

4

whether he knew the victim's jaw was broken at the time the plea offer was given on October 9, 2008. He said that he learned more about the victim's injuries at the preliminary hearing on the upgraded charge when the victim testified on November 19, 2018. To this point, Zarate stated that his knowledge before that point of the victim's injuries was that she was not able to eat, talk, or sleep. Zarate does recall at one point telling Guzman that since the victim was just bruised and there were no breaks in the jaw or surgery, they should hire an expert to look at the reports and opine whether there was serious physical injury.

Zarate's testimony that he never told Guzman the State would not be able to prove serious physical injury is inconsistent with his statements at the Rule 24.035 motion hearing. (PCR Tr. at 24:4-20; 36:25-37:2; 87:6-18.) When Guzman's counsel used these statements to impeach Zarate, Zarate explained that to the best he can recall, the element of serious physical injury was discussed to draw comparisons to cases charged in Jackson County and that they could hire an expert to opine on whether the victim had suffered a serious physical injury.

Zarate's overall memory about the proceedings and details in the underlying criminal case is not entirely reliable. The Court does not find reliable Zarate's statement that he did not advise Guzman that the State would have difficulty proving serious physical injury because this statement is inconsistent with Zarate's earlier testimony at the Rule 24.035 motion hearing. The Court does, however, find Zarate's statements about Guzman's reaction to the plea offer to be credible.

## II. Standard of Review

Where the state court did not adjudicate the claim on the merits, federal habeas review is not subject to the deferential standard that applies under 28 U.S.C. § 2254(d). *Cone v. Bell*, 556 U.S. 449, 472 (2009). Instead, a federal habeas court conducts a *de novo* review. *Id.* (applying *de novo* review where the state courts did not reach the merits of a habeas corpus claim).

## III. Discussion

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his or her attorney's performance fell below an "objective standard of reasonableness" and (2) that he or she was prejudiced as a result. *Strickland*, 466 U.S. 688, 694. The first part of this test is known as the performance prong; the second, the prejudice prong.

### A. Performance Prong

When determining whether counsel's representation was objectively unreasonable under the performance prong, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight[.]" *Strickland*, 466 U.S. at 689. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* The issue under the performance prong in this case is whether Zarate's advice that the state would be unable to prove the serious physical injury element of the second-degree assault charge was objectively unreasonable.

Guzman argues that the Eighth Circuit, in its remand order, decided that Zarate gave ineffective advice which has now become the law of the case. Guzman maintains that the Eighth's Circuit directive was limited to whether Zarate's erroneous advice influenced Guzman's decision to reject the plea offer. Respondent states that while the Eighth Circuit's order directed the Court to determine prejudice only, that order was issued before the record was fully developed on the issue of ineffective assistance of counsel. Respondent points out that the parties have never had an opportunity to litigate the performance issue. Respondent argues that even if the Court determines that it is constrained by the Eighth Circuit's remand order to only decide the question of prejudice, Guzman is still not entitled to habeas relief because he has not shown that he would have accepted the plea offer but for Zarate's erroneous advice.

The Court agrees with Guzman that the Court is bound by the Eighth Circuit's decision on the question of performance and the Court's determination is therefore constrained only to the question of prejudice. Per the Eighth Circuit's order, Guzman has established that Zarate's performance was objectively unreasonable by failing to advise Guzman that a broken jaw amounted to serious physical injury at the time of the plea offer.

### B. Prejudice Prong

The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* To show prejudice from ineffective assistance of plea counsel, a criminal defendant must:

> [(1)] demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel . . . [(2)] demonstrate a reasonable probability the plea would have been entered without

the prosecution canceling it or [(3)] the trial court refusing to accept it, if they had the authority to exercise that discretion under state law . . . [and (4)] show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 134, 147 (2012); *see also Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance."). Because the Court finds that Guzman fails to demonstrate he would have accepted the plea offer but for Zarate's erroneous advice, the Court does not address the remaining requirements under the prejudice prong.

Guzman argues that his testimony at the Rule 24.035 motion hearing and the January 5 evidentiary hearing demonstrates he was prejudiced by Zarate's advice and, but for the advice, he would not have rejected the plea offer. Respondent argues that in all proceedings and filings prior to his federal habeas traverse, Guzman never claimed that but for Zarate's alleged advice concerning the State's inability to prove a serious physical injury he would have accepted the plea offer. According to Respondent, Guzman's delay in presenting this theory, shows that this advice was not "one of the primary reasons" he rejected the plea offer. Respondent argues that the record as a whole demonstrates the reason Guzman rejected the plea offer was because he did not want to serve five years in prison.

Based on the Court's credibility assessment of Guzman as a witness during the evidentiary hearing; the Court's credibility assessment of Zarate as a witness during the evidentiary hearing; and based on the prior record, the Court finds that Guzman has not met his burden to show prejudice. Specifically, Guzman has not shown that but for Zarate's erroneous advice on the State's ability to prove serious physical injury, he would have accepted the five-year plea offer. Because Guzman fails to demonstrate prejudice, he has not shown a federal constitutional violation to entitle him to habeas relief. *See Townsend v. Sain*, 372 U.S. 293, 312 (1963) ("State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."). Absent a federal constitutional violation, neither the State's harsh plea negotiation tactics of enhancing the charge to first-degree assault nor severe punishment of a twenty-five-year sentence are issues that this Court can address.

## IV.     Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner.  A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because Guzman has made no such showing, the Court declines to issue a certificate of appealability.

## V.     Conclusion

Petitioner Pedro Guzman's Petition for Writ of Habeas Corpus (doc. 1) is **DENIED** because Guzman has failed to demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).  The Court declines to issue a certificate of appealability.  The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 22, 2018